IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAMERON GRAFF,<br><br>                   Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>                   Defendant. | MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER<br><br>Case No. 2:14-cv-597-BCW<br><br>Magistrate Judge Brooke Wells |

All parties in this case have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]

Plaintiff Cameron Graff ("Plaintiff") seeks judicial review of the determination of the Commissioner of the Social Security Administration that denied his applications for Period of Disability and Disability Insurance Benefits.  On April 29, 2015, the Court heard oral argument on the administrative record.  Plaintiff was represented at the hearing by Ms. Natalie Bolli-Jones and Defendant Carolyn W. Colvin ("Defendant") was represented by Alexess Rea, Special Assistant U.S. Attorney admitted *pro hac vice*.[2]  For the reasons set forth below and as stated on the record at conclusion of oral argument, the Court REVERSES and REMANDS the decision of the Commissioner.

---

[1] Docket no. 14.
[2] Docket no. 21.

**PROCEDURAL HISTORY**

On May 23, 2011, Plaintiff filed applications for period of disability and disability insurance benefits.[3] Plaintiff's alleged that his mental impairments qualified him for disability benefits.

A hearing in Plaintiff's case was held on January 16, 2013 before an Administrative Law Judge ("ALJ"). That same day, Plaintiff submitted a letter requesting that his claim be amended to a closed period claim dating from October 1, 2010 through October 15, 2012.[4]

On February 4, 2013, the ALJ issued a written decision denying Plaintiff benefits.[5] On July 23, 2014, the Appeals Council denied Plaintiff's claim.[6] Thus, the ALJ's decision became the final decision of the Commissioner of Social Security and this appeal followed.

A. **The ALJ's Decision**

The ALJ found at Step One of the required sequential evaluation process[7] that although Plaintiff was working as a landscape worker at the time of the ALJ's decision, Plaintiff had not engaged in substantial gainful activity since the alleged onset date.[8] At Step Two, the ALJ found Plaintiff had the following severe impairments: (1) major depression; (2) Asperger's syndrome and (3) a history of alcohol substance addition.[9] However, the ALJ found absent any substance abuse, Plaintiff's impairments did not meet or medically equal any of the listed impairments contained in the regulations.[10]

Next, the ALJ assigned Plaintiff the following residual functional capacity ("RFC"):

---

[3] Docket no. 8, Administrative Record [hereinafter referred to as "Tr."] at 11.
[4] Tr. at 282.
[5] Tr. 11-30.
[6] Tr. at 1.
[7] See 20 C.F.R. § 404.1520.
[8] Tr. at 13.
[9] Tr. at 14.
[10] Id. Of note, the Utah Department of Workforce Services previously found Plaintiff's impairments met Listing 12.04 which entitled Plaintiff to receive Medicaid Benefits.

2

...claimant has the residual functional capacity to perform a range of medium to heavy work as defined in 20 C.F.R. 404.1567(c) with the ability to lift 75 pounds occasionally and 50 pounds frequently, sit a total of 7 hours and stand a total of 7.5 hours in an 8-hour workday. He can occasionally drive an automatic vehicle. He can "frequently" walk, climb stairs, squat, bend/stoop, kneel, reach above shoulders, push/pull, turn arms and wrists, open and close fists, use hands and fingers and use foot controls. He can continuously balance. He has normal vision, hearing, grip strength, and fine and manual dexterity bilaterally. The claimant would be limited by 2% each in the areas of concentrating and exercising judgment but his limitations would not cause him to be off task in either mental category. He would be limited by 3% in performance of duties within a schedule and he would also be off task in this area by 1%. The claimant would be limited by 6% each in the areas of relating with others and dealing with stress and he would also be off task by 1% in each of these two mental categories. He would be limited by 8% in the area of interacting with the general public and would be off task by 1% in this mental category.[11]

At Step Four, the ALJ found Plaintiff is capable of performing his past relevant work as a driller helper, customer service representative, and lawn care worker.[12] Having found Plaintiff capable of performing his past relevant work, the ALJ did not make findings at Step Five and concluded Plaintiff "...has not been under a disability, as defined in the Social Security Act, from October 1, 2010, through the date of this decision.[13] Notably, the ALJ did not mention or discuss Plaintiff's request for a closed period of disability benefits.

## STANDARD OF REVIEW

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied."[14] If supported by substantial evidence, the findings are conclusive and must be affirmed.[15] Substantial evidence is "more than a scintilla, but less than a preponderance."[16] Thus, "[t]he

---

[11] Tr. at 15-16.
[12] Tr. at 29.
[13] Tr. at 30.
[14] Mays v. Colvin, 739 F.3d 569, 571 (10th Cir. 2014).
[15] Richardson v. Perales, 402 U.S. 389, 401 (1981).
[16] Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

possibility of drawing to inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[17]

In addition, a reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ's.[18] The Court "...may not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter be before it de novo.'"[19] Lastly, "[t]he failure to apply the correct legal standard[s] or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[20]

# **FINDINGS**[21]

Plaintiff raised two arguments upon appeal. First, Plaintiff asserts the ALJ erred by failing to support his residual functional capacity assessment with substantial evidence. Second, Plaintiff argues the ALJ failed to provide substantial evidence to support his findings that Plaintiff could perform his past relevant work. The Court finds issue one to be dispositive and therefore makes no findings as to the second issue raised by Plaintiff.

**A. The ALJ erred by failing to support the residual functional capacity assessment with substantial evidence.**

Plaintiff asserts the ALJ assessed a residual functional capacity assessment ("RFC") that has no support in the record. Plaintiff argues that the percentages assigned by the ALJ make any limitations based upon Plaintiff's mental capabilities basically meaningless. On the other hand, Defendant argues that is the ALJ's duty to formulate an RFC and you can discern from his

---

[17] Zoltanski v. FAA, 372 F.3d 1195, 1200 (10th Cir. 2000).
[18] Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000).
[19] Lax, 489 F.3d at 1084 (quoting Zoltanski, 372 F.3d at 1200).
[20] Jensen v. Barnhart, 436 F.3d 1163, 1165 (10th Cir. 2005)(internal citations omitted).
[21] The Court finds the parties have adequately set forth Plaintiff's medical history in their respective briefs. Therefore, the Court finds it unnecessary to repeat that record here.

decision that he considered the record as a whole. Therefore, Defendant argues there the ALJ committed no error.

The Court finds Defendant's arguments to be unpersuasive. Therefore, for essentially the same reasons as articulated by Plaintiff in his briefing and made by counsel at oral argument, the Court finds the ALJ's RFC finding not to be supported by substantial evidence. The record fails to identify or support the ALJ's percentage findings in light of Plaintiff's mental impairments documented throughout the record. While the Court knows its role is not to re-weigh the evidence, in this case, it is so unclear as to how the ALJ reached these odd, small percentage figures relating to Plaintiff's impairments that the Court finds they are not supported by substantial evidence contained in the record nor permit meaningful judicial review. Further, the Court agrees with Plaintiff's argument that the decision made by the Utah Department of Workforce Service that Plaintiff met a Listing and was entitled to Medicaid benefits and the lack of examination by the ALJ of the application for a closed period of benefits further evidence that Plaintiff is more impaired than what is reflected in the ALJ's findings.

## CONCLUSION & ORDER

Upon review and consideration of the administrative record, arguments made by counsel in their briefs and during oral argument, and relevant case law, the Court finds substantial evidence does not support the ALJ's RFC determination. Therefore, IT IS HEREBY ORDERED that this case be **REVERSED** and **REMANDED** for further consideration consistent with the Court's opinion. On remand, the ALJ is specifically instructed to evaluate and discuss Plaintiff's application for a closed period of benefits and the effect, if any, it has on his case.

DATED this 30 April 2015.

_____
Brooke C. Wells
United States Magistrate Judge